UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN,

    Plaintiff,                        Hon. Paul L. Maloney

v.                                       Case No. 1:07 CV 128

DANIEL SCHOENFELD,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Schoenfeld's Motion for Summary Judgment. (Dkt. #26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

**BACKGROUND**

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On June 5, 2006, the Wayne County Probate Court issued a Notice of Hearing indicating that the court would conduct a hearing at 11:00 a.m. on September 20, 2006, in the matter of R.B.A., Plaintiff's minor daughter. The same day, the court entered an Order directing that Plaintiff, who was then incarcerated, be permitted to participate by telephone in the September 20, 2006 hearing. Specifically, the Order provided that Plaintiff be allowed to participate in the hearing via a telephone call which would be initiated by the court.

On September 20, 2006, Plaintiff reported to Defendant so that he could participate in the scheduled hearing. Defendant Schoenfeld was aware of this hearing, as well as the Order directing that Plaintiff be permitted to participate by telephone. To facilitate his participation in the hearing, Plaintiff reported to Defendant, who "displayed a prompt attitude of anger, arrogance, and impatience." Defendant informed Plaintiff that "this was not his problem" and "refused to assist Plaintiff." Defendant Schoenfeld "refused to locate the telephone number to the court and refused to call the court, telling Plaintiff to get out of his office." When Plaintiff provided Defendant with the court's telephone number, Defendant "angrily and hurriedly" dialed the number, "immediately after which he hung-up the telephone stating to Plaintiff, "this is a dopehouse, I heard the beeping sound." Defendant then ordered Plaintiff to leave his office.

Plaintiff was later informed that guardianship of his daughter was "given to the Godmother at the hearing." Plaintiff asserts that Defendant Schoenfeld's actions constitute a violation of his First Amendment right of access to the courts, as well as his Eighth Amendment right to be free from cruel and unusual punishment. Defendant now moves for summary judgment. For the reasons discussed below, the Court recommends that Defendant's motion be granted.

**SUMMARY JUDGMENT STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996).

The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252. Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

**I.**     **Right of Access to the Courts Claim**

It is well established that prisoners possess a constitutional right to access the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). This is not a generalized "right to litigate," however, but a right which extends only to direct appeals, habeas corpus applications, and civil rights claims. *See Thaddeus-X*, 175 F.3d at 391. Furthermore, to

establish a violation of this right, the prisoner must establish that "he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Thomas v. Rochell*, 2002 WL 31096251 at *1 (6th Cir., Sep. 18, 2002) (citing *Lewis*, 518 U.S. at 349-51).

In support of his motion, Defendant Schoenfeld has submitted a sworn affidavit executed by Denise Hudson. (Dkt. #27, Exhibit 3). In her affidavit, Hudson asserts that on May 6, 2006, she was appointed to serve as guardian ad litem for Plaintiff's daughter. According to Hudson, the probate court, at a May 31, 2006 hearing, appointed Chaquetia Estes to serve as guardian for Plaintiff's daughter. Hudson asserts that the purpose of the September 20, 2006 hearing "was to review the efficacy of the Guardianship appointment made on May 31, 2006," and "did not concern whether Estes would be terminated as Guardian or whether Guardianship would change." Hudson has included with her affidavit a copy of an Order, entered on September 20, 2006, indicating that the "guardianship to continue."

Plaintiff has neither responded to Defendant Schoenfeld's motion for summary judgment nor submitted *any* evidence in this matter. The unrefuted assertions contained in Denise Hudson's affidavit reveal that Plaintiff did not suffer any litigation related injury or legal prejudice in the matter regarding his daughter's guardianship. Moreover, even were the Court to find that Plaintiff suffered legal prejudice or a litigation related injury, the result would be the same, as Plaintiff cannot demonstrate that such injury was the result of Defendant's actions.

Defendant Schoenfeld executed an affidavit in this matter. (Dkt. #27, Exhibit 2). In his affidavit, Defendant asserts that he was aware "of Plaintiff's scheduled court call notice for September 20, 2006 at 11:00 a.m." Defendant asserts that "at no time did [he] refuse to assist Plaintiff in trying to make contact with the court on September 20, 2006." Defendant asserts that in his experience "when

a prisoner is to receive a scheduled phone call from Wayne County Court, the standard practice is that the Court will call the facility unless the order states otherwise." When the call for Plaintiff did not arrive, Defendant Schoenfeld asserts that he obtained the phone number for the judge who was conducting the hearing in question. According to Defendant, he "spoke with the Probate Court" and "left a message that [Plaintiff] was available for the teleconference." Defendant asserts that "the Court never called for the scheduled teleconference."

The assertions contained in Defendant's affidavit reveal that the difficulty which Plaintiff experienced in attempting to participate in the September 20, 2006 hearing are not attributable to Defendant. As previously noted, Plaintiff has not responded to Defendant Schoenfeld's motion for summary judgment. Plaintiff has likewise failed to submit any evidence in this matter, choosing instead to rely on the pleadings articulated in his complaint. As previously noted, however, reliance on unsubstantiated allegations are insufficient to defeat a properly supported motion for summary judgment.

In sum, Plaintiff has failed to submit any evidence from which a reasonable person could conclude that Plaintiff suffered a litigation injury caused by Defendant Schoenfeld. Accordingly, the Court recommends that Defendant Schoenfeld is entitled to summary judgment as to Plaintiff's claim that he was deprived of his constitutional right of access to the courts.

## II.        Eighth Amendment Claim

Plaintiff also asserts that Defendant Schoenfeld subjected him to "psychological torture and mental cruelty" that violates "the evolving standards of common human decency" in violation of his Eighth Amendment right to be free from cruel or unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective test is met, the Court must then determine whether Defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was Defendant deliberately indifferent to Plaintiff's health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude that Defendant "was subjectively aware of the risk and disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

As noted previously, Plaintiff has failed to respond to the present motion or submit any evidence refuting the facts introduced by Defendant. The unrefuted facts in this matter reveal that Plaintiff was unable to participate in a court hearing by telephone because the court which was

conducting the hearing failed to contact Plaintiff as provided in its Order. Defendant Schoenfeld contacted the court on Plaintiff's behalf in an attempt to secure his participation in the hearing.

Plaintiff cannot establish that he experienced a deprivation of the "minimal civilized measure of life's necessities." Even if such were the case, Plaintiff cannot establish that Defendant Schoenfeld acted with the requisite intent. Accordingly, the Court recommends that Defendant Schoenfeld is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

## CONCLUSION

As discussed herein, the Court recommends that Defendant Schoenfeld's Motion for Summary Judgment, (dkt. #26), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 3, 2008                       /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge